UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LABARRIE DEKEDRIC WATSON | CIVIL ACTION NO.15-2060 |
| VERSUS | JUDGE S. MARUICE HICKS, JR. |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Magistrate Appeal (Record Document 43) filed by Petitioner LaBarrie Dekedric Watson ("Watson"). Watson is appealing Magistrate Judge Hornsby's order denying his "Motion for Bail Pending Habeas Review" (Record Document 42), a request to be released on bail pending a decision on his 28 U.S.C. § 2254 habeas corpus petition (Record Document 1). For the reasons contained in the instant Memorandum Ruling, Watson's appeal (Record Document 43) is **DENIED** and Magistrate Hornsby's ruling (Record Document 42) is **AFFIRMED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 16, 2012, Watson was convicted of attempted manufacture of cocaine and possession with intent to distribute cocaine in violation of La. R.S. 40:967(A). See Record Document 40; see State v. Watson, 135 So. 3d 693, 696 (La. App. 2 Cir. 2013). Watson appears to have exhausted all state direct appeal and post-conviction relief rights. He timely filed the instant 28 U.S.C. § 2254 petition within the one-year time limit for the filing of such petitions. See Record Document 32-1 at 5 n.4 (Goodwin concedes the petition is timely). Watson has subsequently been granted leave to file an amended § 2254 petition, and he did so on August 18, 2016. See Record Document 29. Goodwin responded to Watson's petition on August 24, 2016. See Record Document 32. Watson

filed a reply on September 6, 2016, and he filed a supplemental reply with leave of the Court on September 27, 2016. See Record Documents 33, 34, and 35.

On January 27, 2017, Watson filed the instant "Motion for Bail Pending Habeas Review," seeking to be released on bail pending a decision on his § 2254 petition and seeking a certificate of appealability on the Magistrate Judge's ruling. See Record Documents 40 and 41. On January 30, 2017, he filed four pages of exhibits to accompany the Motion. See Record Document 41. On January 31, 2017, Magistrate Judge Hornsby denied the Motion. See Record Document 43. On February 13, 2017, Watson appealed Magistrate Judge Hornsby's decision to this Court. See Record Document 43. The deadline for Goodwin to respond to the appeal passed on March 1, 2017. See Record Document 44.

## LAW AND ANALYSIS

### I.  Legal Standards

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. The decision by Magistrate Hornsby to deny Watson's Motion for Bail is a non-dispositive matter. In reviewing a non-dispositive pretrial matter, the Court must determine whether the Magistrate's order was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a).

A federal court has the authority to release a post-conviction habeas corpus petitioner on bail pending a decision on the merits of the habeas corpus petition. See Aronson v. May, 85 S. Ct. 3 (1964). However, bail for such a petitioner may only be granted in the rare case in which: (1) the petition presents substantial constitutional

questions regarding the validity of the underlying conviction and (2) "there is some circumstance making this application [for bail] exceptional and deserving of special treatment in the interests of justice." Id.

## II. Analysis

Watson argues that several of the ineffective assistance of counsel arguments raised in his § 2254 petition raise a serious constitutional question as to the validity of his sentence. See Record Document 40 at 3-9. He also argues that his case presents extraordinary circumstances that would justify his release pending a decision on the § 2254 petition. See id. at 10-12. In denying the Motion for Bail, Magistrate Judge Hornsby implicitly rejected both of these arguments; thus, the Court must determine whether the denial was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a).

### A. Whether Watson's Petition Presents Substantial Constitutional Questions Regarding the Validity of the Underlying Conviction.

Watson's arguments fail to demonstrate that Magistrate Judge Hornsby's denial of Watson's Motion for Bail was either clearly erroneous or contrary to law under the extremely high standard for obtaining post-conviction bail pending a decision on a § 2254 petition. First, after reviewing Watson's arguments and Goodwin's response, it appears that Watson's arguments are no different than many of the ineffective assistance of counsel arguments the Court addresses on a regular basis in dealing with habeas corpus motions. See Record Document 40. The standard for establishing that counsel was ineffective under the Sixth Amendment and Strickland v. Washington, 466 U.S. 668, 687 (1984) is an extremely high standard, requiring a petitioner to demonstrate that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial.

The Court makes no binding decision on the merits of Watson's arguments, but it notes that the trial evidence against Watson outlined in the Louisiana Second Circuit Court of Appeal's opinion affirming Watson's conviction on direct appeal was voluminous. See State v. Watson, 135 So. 3d 693, 696 (La. App. 2 Cir. 2013). The large amount of evidence against Watson would make it difficult for Watson to demonstrate the second element of prejudice under the Strickland test regarding his trial counsel's alleged errors, as that element requires proof "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). Thus, the Court finds that Magistrate Judge Hornsby's implied decision that Watson's petition does not raise substantial constitutional questions regarding the validity of the underlying conviction was neither clearly erroneous nor contrary to law.

### B. Whether Watson's Petition Presents Special Circumstances Making the Application Deserving of Special Treatment in the Interests of Justice.

Second, Watson's alleged special circumstances are not special enough to merit release pending a decision on his § 2254 petition. Watson states that he suffers from a worsening case of Lupus, that his sentence has recently been reduced, that he does not pose a flight risk or a safety risk to society, and that he has young children that remain in the care of his elderly mother. See Record Document 40 at 10-12. Though Watson's sentence has been reduced from 45 to 30 years, his release date is nonetheless many years away. See Record Document 41 (state court and prison records regarding Watson's sentence and release date). Watson's statement that he is nonviolent and that his record of court appearances while released on bond is perfect is not supported by any evidence. See Record Document 40 at 10. The fact that numerous guns and ammunition

were found at his residence also casts doubt upon this contention. See State v. Watson, 135 So. 3d 693, 697-98 (La. App. 2 Cir. 2013) (summarizing the trial evidence against Watson). The fact that Watson has young children in need of care outside of prison is not a special circumstance, as many prisoners with pending habeas petitions are undoubtedly similarly situated.

Watson's argument on the basis of his worsening health is a marginally stronger argument, but it nonetheless fails. Watson claims that he has Lupus and that his condition is "progressing rapidly," with the disease recently spreading to his kidneys. See Record Document 40 at 10. Assuming that these statements are true, Watson's own claims demonstrate that he is receiving adequate treatment for Lupus. He states that the discovery of the spread of the disease to his kidneys was the result of a lab test at University Health in Shreveport. See id. Additionally, he states that a kidney physician recently took a biopsy of his kidney and that Watson is now awaiting the results of that test. See id. As such, it appears that Watson is receiving adequate medical care in prison. Thus, the Court finds that Magistrate Judge Hornsby's implied decision that Watson's petition does not present special circumstances entitling Watson to release on bail was neither clearly erroneous nor contrary to law. See Bates v. Estelle, 483 F. Supp. 224, 228-29 (S.D. Tex. 1980) (denying bail pending decision on habeas petition when petitioner was former judge who claimed that he was in danger because he was imprisoned with several prisoners whom he had sentenced to prison).

## CONCLUSION

The Court finds that Magistrate Judge Hornsby's implied decision that neither of the elements necessary to obtain release on bail pending a decision on a § 2254 petition were met was neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED** that petitioner Watson's Magistrate Appeal (Record Document 40) be and is hereby **DENIED** and Magistrate Judge Hornsby's order of January 31, 2017 (Record Document 42) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that in this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 7th day of March, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE